UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CRYSTAL SHOULDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 5:20-cv-460-JMH |
| ) | |
| RAISER, LLC, and JAMES RIVER ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Plaintiff Crystal Shoulders's Notice of Dismissal [DE 6], indicating that all claims against Raiser, LLC, ("Raiser") may be dismissed without prejudice. The claims against James River Insurance Company ("James River") will remain. [*See id.*].

Shoulder's Notice of Dismissal purports to dismiss all claims against Raiser under Federal Rule of Civil Procedure 41(a)(1)(A). [DE 6]. However, Rule 41 does not provide an appropriate basis for dismissal in this case. As such, the Court construes Plaintiff's Notice of Dismissal [DE 6] as a motion to dismiss pursuant to Rule 21. The Court will grant the motion and dismiss the claims against Raiser without prejudice.

### A. FACTUAL AND PROCEDURAL HISTORY

Shoulders filed her Complaint against Defendants Raiser and James River on October 9, 2020 in Fayette Circuit Court. [DE 1-3

at 4-7]. On November 13, 2020, Defendant James River filed a Notice of Removal [DE 1], removing the case to this Court pursuant to 28 U.S.C. § 1441 and on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). [DE 1 at 2]. Raiser failed to file an answer or motion for summary judgment, and Shoulders now seeks to dismiss Raiser from this action without prejudice. [DE 6]. Neither Raiser nor James River have filed an objection to Shoulders's Notice of Dismissal [DE 6]. As a result, this matter is ripe for review.

### B. DISCUSSION

Shoulders's Notice of Dismissal [DE 6] notifies the Court that she is dismissing Raiser from this action under Rule 41(a)(1)(A). [DE 6]. However, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 463-64 (E.D. Ky. 2018). Instead, the "rule permits plaintiffs to dismiss only the entire controversy, not a portion of the claims." *Id*. at 464 (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). "In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties." *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty., Ky.*, No. 12-58-ART, 2012 WL 3644968, at *1 (E.D. Ky. Aug. 24, 2012). And, while some circuits disagree with the Sixth Circuit's interpretation of Rule 41(a),

2

this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 304 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-84 (D. Utah 2015) (discussing the circuit split in citing cases). In fact, "district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants." *EQT Gathering*, 2012 WL 3644968, at *3 (collecting cases). Because Shoulders's Notice of Dismissal [DE 6] purports to dismiss a single party and not the entire action pursuant to Rule 41, it is ineffective.

But this does not end the analysis, as the Court construes filings "by their substantive content and not by their labels." *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011). As such, the Court will construe Shoulders's notice of dismissal under Rule 41(a) as a motion to dismiss a party under Rule 21.d

Rule 21 provides the appropriate basis for dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single party should be taken.); *see also Lester v. Wow Car Co.*, Ltd., No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("[T]he Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41." (citing *Letherer v. Alger Group,*

3

*LLC,* 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008))). The rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. When evaluating a motion to dismiss under Rule 21, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). While Rule 41 "necessarily involves dismissal of the entire action, rather than merely certain claims[,] . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant" when evaluating a motion to dismiss under Rule 21. *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (citing *Arnold*, 2015 WL 1131767, at *4). As such, courts determine whether the nonmoving party will suffer "plain legal prejudice" as a result of the dismissal by considering the following factors: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on plaintiff's part in prosecuting the case," (3) "insufficient explanation for the need for dismissal," and (4) "whether a motion for summary judgment is pending." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

4

First, Raiser has not filed an answer in response to Shoulders's complaint, so it has likely expended little, if any, effort and expense in preparing for trial. In fact, the Court has yet to enter a scheduling order in this case, so there is no pending trial date. Second, the Court finds no reason to believe Shoulders has excessively delayed or lacked diligence in prosecuting this action. Third, while Shoulders has not provided any explanation for seeking dismissal of Raiser, it is worth reiterating that this litigation is still in its infancy. And finally, no motion for summary judgment has been filed in this case.

As such, the Court finds that, on balance, Raiser will not suffer plain legal prejudice as a result of being dismissed without prejudice. The Court will therefore dismiss the claims against Raiser without prejudice pursuant to Rule 21.

Accordingly, **IT IS ORDERED** as follows:

(1) The Court **CONSTRUES** Plaintiff Crystal Shoulders's Notice of Dismissal [DE 6] as a motion to dismiss the claims against Defendant Raiser, LLC, without prejudice under Federal Rule of Procedure 21;

(2) The construed motion [DE 6] is **GRANTED;**

(3) All claims against Defendant Raiser, LLC, are **DISMISSED WITHOUT PREJUDICE;** and

5

(4)   This dismissal does not apply to the other Defendants in this matter.

This the 18th day of March, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge